**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

MOUNTAIN CANDY & CIGAR CO.,
INC.,

              Plaintiff,

v.

PLAINFIELD TOBACCO AND CANDY
CO., INC. D/B/A RESNICK
DISTRIBUTORS,

           Defendant.

-----------------------------------------------------X

Civil Action No. 1:19-CV-2080 (KAM) (VS)

---

**BRIEF ON BEHALF OF PLAINFIELD TOBACCO AND CANDY CO., INC. D/B/A RESNICK DISTRIBUTORS, IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

---

WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Defendant
Plainfield Tobacco and Candy Co., Inc.
d/b/a Resnick Distributors

Of Counsel and On the Brief:
  MARVIN J. BRAUTH, ESQ. (Attorney I.D. No. MB7674)
  JAMES E. TONREY, JR., ESQ. (Attorney I.D. No. JT0961)

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 3

    A.    The Parties ................................................................................................... 3

    B.    The Complaint Allegations .......................................................................... 4

ARGUMENT ...................................................................................................................... 5

    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
    STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
    BECAUSE MOUNTAIN CANDY DOES NOT ALLEGE ANY FACTS
    DEMONSTRATING IT HAS A PLAUSIBLE CLAIM FOR RELIEF
    AGAINST RESNICK PURSUANT TO THE CMSA ........................................ 5

    A.    The Applicable Standard .............................................................................. 5

    B.    Mountain Fails To Allege Facts Showing Resnick's Cigarette Sales
        Were Below The CMSA's Minimum Prices Or Below Resnick's
        Costs  ……………………………………………………………… ........................ 6

    C.    Mountain Has Not Alleged Facts Showing That Resnick's Prices
        Were Not Meeting Competition From Other Distributors ..................................... 7

CONCLUSION ................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Amsterdam Tobacco Co., Inc., et al. v. Harold Levinson Associates, LLC, et al.,
    Civil Action No. 18-cv-1432 ..................................................................................6

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..........................................................................................5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ..........................................................................................5

Papasan v. Allain,
    478 U.S. 265 (1986) ..........................................................................................5

**Statutes**

CMSA § 485(a)(2)(b) ..........................................................................................6

CMSA § 486(b) ..................................................................................................7

N.Y. Tax Law § 484(a)(1) ....................................................................................6

N.Y. Tax Law § 486(b) ........................................................................................3

**Rules**

Rule 12(b)(6) ..............................................................................................1, 5, 9

Rule 12(e) ..........................................................................................................1

Rule 24................................................................................................................1

## PRELIMINARY STATEMENT

Defendant Plainfield Tobacco and Candy Co. d/b/a Resnick Distributors ("Resnick") submits this brief in support of its motion to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

This lawsuit was commenced by a group of five separate Plaintiffs, Amsterdam Tobacco Co., Inc., Donohue Candy and Tobacco Co., Inc., Kingston Candy & Tobacco Co., Inc., Mountain Candy & Cigar Co., Inc. ("Mountain") and Sunrise Candy & Tobacco Corp. who joined together to assert claims against what the group claimed was the "largest cigarette wholesalers operating in New York State," including, but not limited to Resnick. The group of plaintiffs claimed that the group of defendants violated New York's Cigarette Marketing Standards Act ("CMSA") by selling cigarettes to retailers at prices less than permitted by the CMSA. While Resnick was named as a Defendant, much of the factual allegations set forth in the initial complaint were not directed against Resnick, and it was not clear from Plaintiffs' pleading which, if any, of the group of plaintiffs were actually asserting claims against Resnick.

In accordance with the Court's motion-practice rules, Resnick provided the Court with a pre-motion-to-dismiss letter advising that Resnick intended to file a motion to dismiss on the grounds that Plaintiffs' joinder of multiple parties plaintiff to assert claims against multiple parties defendant was improper pursuant to Rule 24 because there was no common claims or common facts underlying the Plaintiffs' claims. Further, Resnick requested a more definite statement pursuant to Rule 12(e) because it was not discernible from the face of the initial complaint which party-Plaintiff, if any, was even asserting a claim against Resnick. By making Resnick part of the group of parties-defendant, without identifying the party or parties asserting claims against Resnick, or specifying which factual allegations pertained to, or did not pertain to

Resnick, Plaintiffs' group pleading threatened to prejudice Resnick, simply through being associated with the other parties defendant against whom factual allegations had been made.

The Plaintiffs have now responded to Resnick's pre-motion letter by filing a new action, with a single plaintiff, Mountain, now purporting to allege a single claim against Resnick pursuant to the CMSA.  According to Mountain's newly-filed Complaint, Resnick violated the CMSA by purportedly offering "rebates" to retailers located in upstate New York -- to whom Resnick is alleged to also sell other goods in addition to cigarettes -- that purportedly have the effect of lowering the price of the cigarettes below that permitted by the CMSA.  Mountain's complaint-allegations consist of an extended discussion/explanation of the CMSA, and a section purporting to provide the factual basis for Mountain's claims, consisting mostly of hearsay statements of purported representatives of Resnick and representatives of the stores purportedly demonstrating that Resnick offers rebates to such retailers.  Mountain claims that the aforesaid retailers buy cigarettes and other products from Resnick because Resnick's prices are below that permitted by the CMSA, but will not buy such cigarettes or other products from Mountain because Mountain refuses to provide rebates it believes violate the CMSA.

Mountain's allegations do not state a claim for relief against Resnick.  The crux of Mountain's purported claim against Resnick is that Resnick purportedly violates the CMSA by offering retailers rebates on sales of cigarettes.  However, the CMSA does not ipso facto prohibit rebates.  Indeed, as explained in further detail below, the CMSA prohibits a distributor in certain circumstances from selling cigarettes below its costs, and in cases where, as here, a distributor sells cigarettes together with other products, the price cannot be below the distributor's costs on the combination of goods sold.  Here, Mountain's complaint does not provide any factual allegations about the various goods Resnick sells to its retailers, or Resnick's costs, or whether

Resnick is selling below its costs.  Given this, Mountain has not and cannot state a claim upon which relief may be granted.

Additionally, Mountain's complaint is deficient in that it does not contain any factual allegations to demonstrate Resnick is doing anything other than meeting the prices at which its competitors are selling cigarettes.   Indeed, contrary to Mountain's complaint, the CMSA expressly excludes from its prohibitions prices charged by distributors that are put in place to meet competition from other distributors.  N.Y. Tax Law § 486(b).  As explained below, unable to allege any facts to preclude Resnick from relying upon this provision, Mountain resorts to making conclusory allegations that Resnick did not make good faith investigation into the prices of competitors, and that competitors did not offer prices below or equal to Resnick's prices during the times in question.  But these allegations fail, as a matter of law because they are precisely the formulaic, conclusory allegations the Twombly and Iqbal Courts found insufficient to support a "plausible" claim as a matter of law.  The Court should see Mountain's allegations for what they are -- formulaic, boilerplate legal conclusions intended to "meet" an element of a cause of action -- and dismiss Mountain's claim for failure to state a claim upon which relief may be granted.

## FACTUAL BACKGROUND

### A.    The Parties

Resnick is alleged to be a New Jersey Corporation, registered to do business in New York.  Complaint, ¶ 12.  According to Plaintiff, Resnick has been registered with the State Tax Department and the City Tax Department as a cigarette stamping agent and wholesaler, and it has distributed cigarettes throughout New York State.  Complaint, ¶ 13.

Mountain alleges it is a corporation of the State of New York that is licensed by the State of New York as a cigarette stamping agent and wholesaler.  Complaint, ¶ 11.

3

B.     **The Complaint Allegations**

Mountain devotes a significant portion of the Complaint to making allegations concerning the CMSA's statutory requirements and conditions.  Complaint, ¶¶ 14 – 42.

With respect to Resnick, the Complaint alleges in conclusory form that "Resnick has engaged in a broad scheme to give rebates to its customers in New York, driving its cigarette prices below the legal minimums with the intent to injure Mountain Candy and other competitors and to destroy or substantially lessen competition."  Complaint, ¶ 43.  Mountain does not provide or allege any facts to support its conclusory allegation.

Mountain alleges "examples" that it claims demonstrate Resnick's violations of the CMSA.  According to Mountain, Resnick provided "rebates" on cigarette sales to three separate businesses located in upstate New York, Woodridge Supermarket, Swan Lake Grocery Corp., 52 Pick-Up and Youngsville Convenience (together, "Woodridge").   Complaint, ¶¶ 54, 55.  Mountain also alleges that Resnick sells to the aforesaid stores cigarettes and "other products."  ¶ 58.   Mountain claims that, because Resnick purportedly gives the stores "rebates" on sales of cigarettes, the stores would not purchase cigarettes or other products from Mountain.  Id. ¶ 57.

Mountain makes nearly identical allegations against Resnick with respect to two other stores located in upstate New York, Shree Petroleum ("Shree") and White Lake Mobil ("Mobil").  According to Mountain, Resnick provides both Shree and Mobil rebates on cartons of cigarettes and that such pricing is purportedly "illegal" under the CMSA.  Id. ¶¶ 63-64; 71-72.  Mountain alleges Resnick sells Shree and Mobil cigarettes as well as "other products."  Id. ¶¶ 66, 74.  Mountain claims that, because it would not provide the purportedly "illegal" rebates to Shree or Mobil, neither store would purchase from Mountain either the cigarettes or "other products" they bought from Resnick.  Id. ¶¶ 66, 74.

Mountain also includes in its pleading a section alleging Resnick provided the rebates to the stores identified in the complaint to "intentionally" injure Mountain and to destroy or substantially lessen competition, all in purported violation of the CMSA.  Id. ¶¶ 78-79.

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE MOUNTAIN CANDY DOES NOT ALLEGE ANY FACTS DEMONSTRATING IT HAS A PLAUSIBLE CLAIM FOR RELIEF AGAINST RESNICK PURSUANT TO THE CMSA

**A.     The Applicable Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint, and draw all inferences in the facts alleged in the light most favorable to the plaintiff."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, id., it does require Plaintiffs "to provide the 'grounds' of [their] entitle[ment] to relief . . . a formulaic recitation of the elements of a cause of action will not do." Id.  Courts are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Twombly, 550 U.S. at 557).  Applying the "context-specific" standard to the facts of the Complaint, as discussed herein, Mountain

Candy has not "shown" that it is entitled to any relief as to Resnick.  The Complaint should be dismissed.[1]

**B.      Mountain Fails To Allege Facts Showing Resnick's Cigarette Sales Were Below The CMSA's Minimum Prices Or Below Resnick's Costs**

As the foregoing excerpts from Mountain's Complaint make clear, Mountain Candy alleges merely that Resnick provided rebates on cartons of cigarettes, to customers to which Resnick also sold unrelated products.  However, distributors such as Resnick do not violate the CMSA by providing rebates or concessions to retail purchasers.

To the contrary, the CMSA prohibits, in certain circumstances, a wholesale dealer such as Resnick from advertising, offering to sell or selling cigarettes "at less than cost of such agent [or] wholesale dealer."  N.Y. Tax Law § 484(a)(1).  Likewise, where, as here, Resnick sells to the identified retailers cigarettes *and other products*, CMSA § 485(a)(2)(b) prohibits Resnick, not from providing rebates, but from making such sales at less than its cost for all the products sold:

> In all advertisements, offers for sale or sales involving two or more items, at least one of which items is cigarettes, at a combined price, and in all advertisements, offers for sale, or sales involving the giving of any gift or concession of any kind whatsoever (whether it be coupons or otherwise), the agent's, retail dealer's or wholesale dealer's <u>combined selling price shall not be below the cost of the agent, the cost of the retail dealer or the cost of the wholesale dealer, respectively, of the total costs of all articles, products, commodities, gifts and concessions included in such transactions.</u>

<u>Id.</u> (emphasis added).

---

[1] Core-Mark Midcontinent, Inc. ("Core-Mark") has filed a similar motion to dismiss the amended complaint filed by Plaintiffs Amsterdam Tobacco Co., Inc., Donohue Candy and Tobacco Co., Inc. and Mountain Candy & Cigar Co., Inc., in the companion action <u>Amsterdam Tobacco Co., Inc., et al. v. Harold Levinson Associates, LLC, et al.,</u> Civil Action No. 18-cv-1432 (Dkt. No. 53).  Resnick relies on the arguments articulated in that motion by Core-Mark, in addition to the arguments set forth in this brief.

Consequently, where, as here, Resnick sells cigarettes and other products to a retailer, and provides a rebate, such conduct does not constitute a violation of the CMSA if the combined price of the goods sold is not below Resnick's costs.  However, beyond Plaintiff's conclusory assertion that the purported rebate on cigarette cartons violates the CMSA, Plaintiff does not plead or allege:  any information about the products at issue beyond cigarettes, Resnick's costs for all such products, the sale price charged by Resnick or the basis for concluding that such sale price was below Resnick's costs.  Plaintiff has not alleged facts sufficient to demonstrate that Resnick's conduct violates the statute.  Plaintiff's claim is defective as a matter of law and should be dismissed.

**C.    Mountain Has Not Alleged Facts Showing That Resnick's Prices Were Not Meeting Competition From Other Distributors**

Section 486(b) of the CMSA excludes from the CMSA's prohibitions a distributor's sales of cigarettes at prices set in good faith in order to meet the price of a competitor who is selling the same article at cost to him as a retail dealer:

> Any retail dealer may advertise, offer to sell, or sell cigarettes at a price made in good faith to meet the price of a competitor who is selling the same article at cost to him as a retail dealer. Any agent or wholesale dealer may advertise, offer to sell or sell cigarettes at a price made in good faith to meet the price of a competitor who is rendering the same type of services and is selling the same article at cost to him as an agent or as a wholesale dealer, as the case may be . . . .  Id. § 486(b).

Pursuant to the plain terms of the statute, in order to state a claim for relief against Resnick, Mountain is obligated to plead that Resnick sold cigarettes at a price that was lower, i.e., beating a competitor's cigarette pricing, or that Resnick's pricing is not in response to a competitor's pricing in good faith.  However, Mountain has not made any such allegation in its Complaint.

7

Mountain instead alleges in conclusory form -- as to Woodridge, Shree and Mobil -- in two identical paragraph as to each of the aforesaid entities, that no other competitor of Resnick had offered prices that were equal to or lower than the prices at which Resnick sold cigarettes, and that Resnick purportedly did not make good faith efforts to determine competitors' prices and did not make good faith efforts to meet, but not beat such prices.   The two identical paragraphs state as follows:

> At the times Mountain Candy solicited business from [those stores] and at each time thereafter that Resnick made sales to [those stores], no other competitor had offered the store legal prices that were equal to or lower than the prices for which Resnick sold cigarettes to the store.

> At the times Mountain Candy solicited business from [those stores] and at each time thereafter that Resnick made sales to [those stores], Resnick did not make good faith efforts to determine whether any of its competitors were offering [those stores] legal prices below the statutory minimum.  Complaint, §§ 59-60; 67-69; 75-76.

These boilerplate, conclusory assertions do not contain any of the facts underlying their allegations.  If Resnick was merely meeting competition with the pricing of its cigarettes to the stores at issue, Resnick's sales are not actionable and there is no violation of the CMSA. However, there is nothing in Mountain's  allegations that factually address this to push the allegations past being "possible" to being "plausible," as required by Iqbal.  The claims should be dismissed because the complaint, on its face, does not assert a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Resnick respectfully requests that the Court grant its motion and dismiss Mountain's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

DATED:  May 1, 2019                    Respectfully submitted,

                                       WILENTZ, GOLDMAN & SPITZER, P.A.
                                       Attorneys for Defendant, Plainfield Tobacco
                                          and Candy Co., Inc. d/b/a Resnick Distributors


                                       By:    */s/ Marvin J. Brauth*
                                             MARVIN J. BRAUTH (I.D. No. MB7674)
                                             JAMES E. TONREY, JR. (I.D. No. JT0961)